IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYLVESTER LEWIS, # B-83885,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 13-cv-797-MJR |
| ) | |
| NURSE TINA,   ) | |
| ) | |
| Defendants.   ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 13-year sentence for aggravated battery. He claims that Defendant Nurse Tina failed to provide him with adequate medical care.

Plaintiff's statement of claim asserts that Defendant Tina "acted with negligence" (Doc. 1, p. 5). He then incorporates the factual statements outlined in his attached grievance (Doc. 1, pp. 7-8). Plaintiff takes medicine for depression. According to the grievance, Defendant Tina gave him the wrong medication on June 28 and 29, 2013. He complained to her and filed an earlier grievance, which disappeared. He claims that the wrong pills made him feel like a different person and caused him to break out with a rash.

Also attached to the complaint is the response to Plaintiff's grievance, which explains that Plaintiff is on a nightly dose of Paxil, and that he has been given the correct medicine (Doc. 1, p. 9). At a previous time, the pills supplied to the prison were pink, but their new Paxil supply consisted of blue pills.

Plaintiff seeks compensatory damages and a restoration of lost good conduct credits (he does not explain further the basis for the latter request).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Deliberate indifference by a medical provider to a prisoner's serious medical needs may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). As to the subjective component, a complaint must indicate that the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference

in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

Plaintiff's depression is arguably a serious medical condition, and for purposes of this analysis, satisfies the objective component of a deliberate indifference claim. However, the complaint, taken as a whole, does not indicate that Defendant Tina acted with the requisite subjective intent to suggest a violation of Plaintiff's constitutional rights. Plaintiff required daily medication and she gave him the pills that were provided by the prison's pharmacy, as ordered. Plaintiff does not allege that she deliberately or recklessly gave him the wrong medicine, nor does his statement of facts lead to this conclusion. Instead, he claims that her actions were negligent. As noted above, negligence, mistake, or even medical malpractice does not violate the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth*, 532 F.3d at 679; *Ciarpaglini*, 352 F.3d at 331. Only knowing or reckless action (or failure to act) in the face of a risk of serious harm, will give rise to a civil rights claim for deliberate indifference to a medical need. The complaint herein does not state such an Eighth Amendment claim.

Plaintiff also raises an apparently unrelated claim regarding the restoration of lost good conduct credits. He gives no further information about this issue. However, even if he had included more facts, the relief he seeks is not available through a civil rights action such as this.

Plaintiff should take note that the proper method to seek restoration of good conduct credits in federal court is through a habeas action pursuant to 28 U.S.C. § 2254. However, a federal habeas petition will only be considered after Plaintiff has first exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of this claim. Accordingly, the good conduct credit claim is dismissed without prejudice to Plaintiff bringing the claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***. Obviously, nothing herein shall be construed as a comment on the merits of such a claim.

For the foregoing reasons, this action shall be dismissed.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 7) are **DENIED AS MOOT.**

**Disposition**

This action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 27, 2013**

s/ MICHAEL J. REAGAN
United States District Judge